UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ERIC RITTER,

       Plaintiff,

-vs-                        Case No.: 8:15-cv-00965-SDM-AEP

WELLS FARGO BANK, N.A., a foreign
Corporation,

       Defendant.

_____/

## PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

Plaintiff, ERIC RITTER, pursuant to Federal Rule of Civil Procedure 55(b)(2), seeks an

Order by the Court entering judgment of default against the Defendant, WELLS FARGO BANK,

N.A., (hereafter "WELLS FARGO") and in favor of the Plaintiff, and in support thereof, states as

follows:

### FACTS

1.      Plaintiff timely filed his Complaint in this action against Defendant WELLS

FARGO on April 23, 2015 (Dkt. 1).

2.      The Complaint was properly served upon Defendant WELLS FARGO on April 24,

2015. *See* Return of Service (Dkt. 7). "Affidavits by process servers constitute a *prima facie*

showing that defendants have been served." Berguin v. Bus. World Pub., Inc., 2:14-CV-249-FTM-

29CM, 2014 WL 2864311, *1 (M.D. Fla. 2014); Landmark Fin. Solutions, LLC v. Sanchez, 2:13-

CV-214-FTM-38CM, 2014 WL 759847, *2 (M.D. Fla. 2014).

3.      Pursuant to Fed. R. Civ. P. 12(a), Defendant WELLS FARGO was required to serve

a responsive pleading to the Complaint on or before May 15, 2015.

4.      Despite the requirements set forth in Fed. R. Civ. P. 12(a), Defendant WELLS FARGO did not file any response to the Plaintiff's Complaint, seek additional time within which to respond, or otherwise appear in this action.

5.      On May 18, 2015, Plaintiff filed his Motion for Entry of Default by the Clerk pursuant to Fed. R. Civ. P. 55(a) and Local Rule 1.07(b). (Dkt. 8). The affidavit of Plaintiff's undersigned counsel, David P. Mitchell, Esq., was attached as Ex. B thereto.

6.      On May 19, 2015, the Clerk entered default against Defendant WELLS FARGO. (Dkt. 9).

7.      To date, Defendant WELLS FARGO has not filed any pleading, motion or otherwise appeared in this action.

8.      Defendant WELLS FARGO is not in compliance with the Federal Rules of Civil Procedure, nor has Defendant made any attempt to comply with the Rules.

9.      The Complaint at issue pleads counts against Defendant WELLS FARGO for violation of the Telephone Consumer Protection Act of 1991, 47 U.S.C. § 227, *et seq*., (hereafter "TCPA"), and violation of the Florida Consumer Collection Practices Act, sections 559.55, *et seq*., Florida Statutes (hereafter "FCCPA"). (Dkt. 1, ¶ 2).

10.      On May 21, 2015, Plaintiff Eric Ritter executed an affidavit in support of Plaintiff's Motion for Default Judgment. (See Dkt. 11).

11.      For the reasons set forth below, Plaintiff is entitled to a default judgment against Defendant WELLS FARGO with respect to the TCPA and FCCPA counts asserted in Plaintiff's Complaint (Dkt. 1).

## MEMORANDUM OF LAW

### I.   Default Judgment Under Fed. R. Civ. P. 55(b)

"Rule 55, Federal Rules of Civil Procedure ("Rule(s)"), sets forth the requirements for entry of a default judgment." United States v. Fleming, 114 A.F.T.R.2d 2014-5377, 2014 WL 3643517, *9 (M.D. Fla. 2014). "A default judgment may be entered 'against a defendant who never appears or answers a complaint, for in such circumstances the case never has been placed at issue.'" Id. (quoting Solaroll Shade and Shutter Corp., Inc. v. Bio–Energy Sys., Inc., 803 F.2d 1130, 1134 (11th Cir. 1986)). "Although a defaulted defendant admits well-pleaded allegations of liability, allegations relating to the amount of damages are not admitted by virtue of default." Broad. Music, Inc. v. PRB Productions, Inc., 6:13-CV-1917-ORL-31, 2014 WL 3887509, *2 (M.D. Fla. 2014) (citing Miller v. Paradise of Port Richey, Inc., 75 F.Supp.2d 1342, 1346 (M.D. Fla. 1999). "Rather, the Court determines the amount and character of damages to be awarded." Isaula v. Chicago Rest. Group, LLC, 13-CV-24387-JLK, 2014 WL 3477917, *1 (S.D. Fla. 2014) (quoting Miller, 75 F.Supp.2d at 1346 (M.D. Fla. 1999)).

Upon considering a motion for default judgment, "a court must consider whether an evidentiary hearing on the question of damages is warranted." Fleming, supra, 114 A.F.T.R.2d 2014-5377, 2014 WL 3643517 at *9. "[A] judgment by default may not be entered without a hearing [on damages] unless the amount claimed is a liquidated sum or one capable of mathematical calculation." Id. (quoting United Artists Corp. v. Freeman, 605 F.2d 854, 857 (5th Cir.1979)[1] and citing SEC v. Smyth, 420 F.3d 1225, 1231–32 (11th Cir. 2005)). "However, where

---

[1]In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir.1981), the Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions prior to October 1, 1981.

the essential evidence regarding damages is before the Court, such a hearing may be unnecessary." Id. (citing Smyth, 420 F.3d at 1232 n. 13). See also Broad. Music, 2014 WL 3887509 at *2.

Moreover, "[a] default judgment has the effect of establishing as fact the plaintiff's well-pled allegations of fact, and bars the defendant from contesting those facts on appeal." Massachusetts Mut. Life Ins. Co. v. Hunter, 8:12-CV-1628-T-33AEP, 2012 WL 6094122, *1 (M.D. Fla. 2012) (citing Tyco Fire & Sec. LLC v. Alcocer, 218 F. App'x 860, 863 (11th Cir. 2007) (citing Nishimatsu Constr. Co. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975)).

## II.   Plaintiff Is Entitled To Default Judgment With Respect To His TCPA Claim

### A.   Statutory Basis for TCPA Claims Regarding Calls Placed to Cellular Telephones

The provision of the TCPA applicable to calls placed to cellular telephones provides as follows, in pertinent part:

> [i]t shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States --
>
> (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice --
>
> . . .
>
> (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call; [2]

47 U.S.C. § 227(b)(1)(A)(iii).

---

[2]The Eleventh Circuit recently clarified that the reference in § 227(b)(1)(A)(iii) to the called party being "charged for the call" does not apply to calls placed to cellular telephones. Osorio v. State Farm Bank, F.S.B., 746 F.3d 1242, 1258 (11th Cir. 2014). Accordingly, a plaintiff "is not required to prove that he was charged individually for each of the autodialed calls" in order to state a claim under the TCPA for calls placed to a cellular telephone. Id.

In sum, "[t]he [TCPA] makes it unlawful to make any call using an automatic telephone dialing system (an 'autodial system' [or 'ATDS']) to a cellular telephone without the prior express consent of the 'called party.'" Breslow v. Wells Fargo Bank, N.A., 755 F.3d 1265, 1266, 1267 Communications Reg. (P & F) 934 (11th Cir. 2014) (citing 47 U.S.C. § 227(b)(1)(A)(iii); Pub. L. No. 102–243, 105 Stat. 2394). "'The TCPA is essentially a strict liability statute' that 'does not require any intent for liability except when awarding treble damages.'" Lardner v. Diversified Consultants Inc., 1:13-CV-22751-UU, 2014 WL 1778960, *4 (S.D. Fla. 2014) (quoting Alea London Ltd. v. Am. Home Servs., Inc.,638 F.3d 768, 776 (11th Cir. 2011) (quoting Penzer v. Transp. Ins. Co., 545 F.3d 1303, 1311 (11th Cir. 2008)).

"The statute further specifies that the appropriate remedy is 'an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater.'" Osorio v. State Farm Bank, F.S.B., 746 F.3d 1242, 1250 (11th Cir. 2014) (quoting 47 U.S.C. § 227(b)(3)(B)). "Treble damages are also available for knowing or willful violations." Id. (citing 47 U.S.C. § 227(b)(3)(C)).

B.    The Calls At Issue Were Placed By Defendant Using An ATDS

Plaintiff's Complaint (Dkt. 1) alleges that "[t]he telephone calls at issue were placed by Defendant WELLS FARGO using an 'automated telephone dialing system' as specified by the TCPA, 47 U.S.C. § 227(a)(1), which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator, and to dial such numbers; and/or which has the capacity to dial numbers from a list without human intervention(hereafter 'ATDS' or 'autodialer')." (Dkt. 1, ¶ 31). "A defendant in default for failing to respond to a complaint admits all well-pleaded allegations of the complaint as to liability for purposes of default judgment." Hauser v. Hawthorne Dev. II Corp., 6:07-cv-704-Orl-28KRS, 2007 WL 4570727, *1 (M.D. Fla.

2007). See also Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc., 561 F.3d 1298, 1307 (11th Cir. 2009) ("A 'defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established'" (quoting Nishimatsu, 515 F.2d at 1206)); Coniglio v. Bank of Am., N.A., No. 8:14-CV-01628-EAK, 2014 WL 5366248, at *2 (M.D. Fla. Oct. 21, 2014).

C.      Plaintiff Was The "Called Party" As Defined By The TCPA

The Eleventh Circuit has explained that the "'called party,' for purposes of § 227(b)(1)(A)(iii), means the subscriber to the cell phone service." Breslow, supra, 755 F.3d at 1267 (citing Osorio, supra, 746 F.3d at 1251). The Complaint (Dkt. 1) alleges that Plaintiff Eric Ritter "is the 'called party' with respect to the calls placed to his cellular telephone number, (917) 855-4234" by WELLS FARGO. (Dkt. 1, ¶ 6).

In support of the above allegations, Plaintiff Eric Ritter testified in his affidavit that "[a]t all times material hereto, [he] was the subscriber to the cellular telephone number at issue, (917) 855-4234," and that "[a]t all times material hereto, the cellular service provider for the aforementioned cellular telephone number was AT&T." (See Dkt. 11, Aff. Eric Ritter, ¶ 3). Accordingly, Plaintiff has provided record evidence establishing that he was the "called party" with respect to the calls placed to his cellular telephone number by Defendant WELLS FARGO.

D.      Plaintiff Revoked Any "Prior Express Consent" He May Have Given to Defendant

The Eleventh Circuit has expressly held that "prior express consent" under the TCPA may be revoked, and that called parties may revoke their consent orally or in writing. See Osorio, supra, 746 F.3d at 1255-56.

i.   _Allegations of Plaintiff's Complaint_

The Plaintiff's Complaint (Dkt. 1) alleges that none of the calls at issue were placed by Defendant WELLS FARGO to the Plaintiff's cellular telephone number with the Plaintiff's "prior express consent." (Dkt. 1, ¶¶ 32, 47). The Complaint (Dkt. 1) further alleges, in the alternative, that "Plaintiff revoked any 'prior express consent' Defendant WELLS FARGO may have mistakenly believed it had by":

    a.      Verbally requesting that Defendant stop placing calls to his aforementioned cellular telephone number on numerous occasions; and

    b.      Notifying Defendant that he was represented by counsel, STOPA LAW FIRM

(Dkt. 1, ¶ 48).

The Complaint (Dkt. 1) further alleges that following the initiation of two foreclosure actions by WELLS FARGO in relation to the debts at issue, "Plaintiff retained STOPA LAW FIRM as his attorneys with respect to both foreclosure actions, at which point Mr. Stopa appeared on Plaintiff ERIC RITTER's behalf as counsel of record with respect to both of the aforementioned foreclosure actions. Accordingly, Defendant had actual notice that Plaintiff was represented by counsel with respect to the alleged debts at issue." (Dkt. 1, ¶ 26). The Complaint goes on to allege that "although Defendant had actual knowledge that Plaintiff was represented by counsel with respect to the alleged debts it sought to collect by virtue of Mr. Stopa's appearance as counsel of record for Plaintiff ERIC RITTER in said foreclosure actions, upon answering Defendant's continuing collection calls, Plaintiff specifically advised Defendant's collection representatives on numerous occasions that he was represented by Mr. Stopa, to contact his attorney directly, and to stop calling his cellular telephone number." (Dkt. 1, ¶ 27). The Complaint (Dkt. 1) further alleges that "despite the Defendant's collection representatives being instructed repeatedly by the Plaintiff

to cease placing collection calls to his aforementioned cellular telephone, and despite Defendant's actual knowledge that Plaintiff was represented by counsel with respect to the alleged debts at issue, Defendant proceeded to initiate telephone collection calls to Plaintiff's cellular telephone number in an effort to collect the aforementioned alleged debts." (Dkt. 1, ¶ 28).

Finally, the Complaint alleges that Defendant WELLS FARGO "willfully and/or knowingly violated the TCPA with respect to Plaintiff by repeatedly placing calls to Plaintiff's cellular telephone number using an ATDS and/or artificial or prerecorded voice without Plaintiff's prior express consent, invitation or permission, after being instructed by the Plaintiff to cease placing such calls, and having actual knowledge that Plaintiff was represented by an attorney, as specifically prohibited by the TCPA, 47 U.S.C. §227(b)(1)(A)(iii)." (Dkt. 1, ¶ 50).

   ii.   *Record Evidence In Support of Plaintiff's Revocation of Consent*

In support of the allegations in paragraph (48) of the Complaint (Dkt. 1), as referenced above, *see* Dkt. 11, <u>Aff. Eric Ritter</u>, ¶ 9. In support of the allegations in paragraph (26) of the Complaint (Dkt. 1), as referenced above, *see* Dkt. 11, <u>Aff. Eric Ritter</u>, ¶ 12. In support of the allegations in paragraph (27) of the Complaint (Dkt. 1), as referenced above, *see* Dkt. 11, <u>Aff. Eric Ritter</u>, ¶ 14. In support of the allegations in paragraph (28) of the Complaint (Dkt. 1), as referenced above, *see* Dkt. 11, <u>Aff. Eric Ritter</u>, ¶ 13. Accordingly, the above referenced paragraphs of the above-cited affidavit (Dkt. 11) provide evidentiary support for the allegations referenced in paragraphs (26) through (28) of the Complaint, as referenced above.

E.     <u>Damages Under The TCPA</u>

The TCPA provides for a minimum recovery of five-hundred dollars ($500) for each telephone call placed by Defendant to Plaintiff in violation of the TCPA, as codified by 47 U.S.C. § 227(b)(3)(B). Furthermore, the TCPA provides that where "the court finds that the defendant

willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph [i.e., ($1,500.00) per violation]." 47 U.S.C. § 227(b)(3)(C).

As set forth above, the Complaint (Dkt. 1) alleges that Defendant willfully and/or knowingly violated the TCPA with respect to Plaintiff by repeatedly placing calls to Plaintiff's cellular telephone number using an ATDS and/or artificial or prerecorded voice without Plaintiff's prior express consent, invitation or permission. (Dkt. 1, ¶ 50). "As a defaulted party, [Defendant] has admitted these allegations." Coniglio, supra, 2014 WL 5366248, at *4 (quoting Miller, supra, 75 F. Supp. 2d at 1346 (M.D. Fla. 1999) (holding that by virtue of its default in retaliatory discharge action, wherein employee alleged that employer willfully violated the Fair Labor Standards Act, employer "admitted a willful violation of section 215(a)(3), and the Court is precluded from finding good faith").

Moreover, notwithstanding Defendant admitting Plaintiff's allegation that Defendant willfully and/or knowingly violated the TCPA by virtue of its default, pursuant to the applicable authority interpreting the TCPA, each call placed by Defendant WELLS FARGO after the Plaintiff instructed Defendant that it does not have consent to call the Plaintiff's respective cellular telephone number constitutes a "willful" and/or "knowing" violation warranting the trebling of the award to $1,500 per call as provided by 47 U.S.C. § 227(b)(3)(C). See Coniglio, supra, 2014 WL 5366248, at * 4 (citing Echevvaria v. Diversified Consultants, Inc., 13 CIV. 4980 LAK AJP, 2014 WL 929275, *11 (S.D.N.Y. 2014)). See also Clements v. DSM Supply LLC, 8:13-CV-1096-T-33EAJ, 2014 WL 560561 (M.D. Fla. 2014); Tacoronte v. Tate & Kirlin Associates, 6:13-CV-331-ORL-37, 2013 WL 5970720, at *8 (M.D. Fla. Nov. 8, 2013); Harris v. World Fin. Network Nat.

Bank, 867 F. Supp. 2d 888, 895-896 (E.D. Mich. 2012).  The above cited testimony by Plaintiff conclusively establishes that the Plaintiff expressly revoked any "prior express consent" that Defendant WELLS FARGO had, or believed it had, by

(1) Verbally requesting that Defendant stop contacting Plaintiff with respect to the Subject Debts, and

(2) Notifying Defendant that Plaintiff had retained an attorney with respect to the Subject Debts and directing Defendant to communicate directly with said attorney.

Plaintiff's testimony introduced through the above referenced affidavit (Dkt. 11) unequivocally establishes that despite Defendant WELLS FARGO having received the above described notification from Plaintiff regarding Plaintiff having retained the Stopa Law Firm with respect to the Subject Debts, and despite Plaintiff's express requests that Defendant cease calling him on his aforementioned cellular telephone number, Defendant refused to cease placing calls to Plaintiff's cellular telephone number in an effort to collect the Subject Debt.

Pursuant to the above-cited authority, including the express language of the TCPA as set forth under 47 U.S.C. § 227(b)(3)(C), Defendant has, by virtue of its default, admitted to Plaintiff's allegation that Defendant willfully and or knowingly violated the TCPA; furthermore, the record evidence set forth herein conclusively establishes that Defendant's violations of the TCPA by repeatedly placing calls to Plaintiff' cellular telephone numbers after Plaintiff requesting that Defendant cease placing calls to his aforementioned cellular telephone and upon being placed on notice that Plaintiff had retained counsel with respect to the Subject Debt, constitute "knowing" and/or "willful" TCPA violations in each such instance.

i.   *Calculation of TCPA Damages*

The Complaint alleges that Defendant WELLS FARGO has placed approximately three-thousand (3,000) phone calls to Plaintiff's cellular telephone number. (Dkt. 1, ¶ 29). In his

affidavit, Plaintiff testified as follows with respect to the volume, frequency and general pattern of the calls received from Defendant:

> After requesting that WELLS FARGO discontinue calling me, as described above, from August of 2012 through December of 2014, I received an average of approximately four (4) calls per day from WELLS FARGO on my aforementioned cellular telephone number in an effort to collect the Subject Debts

(Dkt. 11, Aff. Eric Ritter, ¶ 15).

Furthermore, Plaintiff ERIC RITTER testified in his affidavit that

> After requesting that WELLS FARGO discontinue calling me, between August of 2012 and December of 2014, I received approximately three-thousand four-hundred (3,400) calls from WELLS FARGO on my aforementioned cellular telephone number in an effort to collect the Subject Debts

(Dkt. 11, Aff. Eric Ritter, ¶ 16).

As set forth above, "[a]lthough a defaulted defendant admits well-pleaded allegations of liability, allegations relating to the amount of damages are not admitted by virtue of default." Broad. Music, supra, 2014 WL 3887509 at *2 (citing Miller, 75 F.Supp.2d at 1346). Upon considering a motion for default judgment, "a court must consider whether an evidentiary hearing on the question of damages is warranted." Fleming, supra, 114 A.F.T.R.2d 2014-5377, 2014 WL 3643517 at *9. "[A] judgment by default may not be entered without a hearing [on damages] unless the amount claimed is a liquidated sum or one capable of mathematical calculation." Id. (quoting Freeman, 605 F.2d at 857, and citing Smyth, 420 F.3d at 1231–32). "However, where the essential evidence regarding damages is before the Court, such a hearing may be unnecessary." Id. (citing Smyth, 420 F.3d at 1232 n. 13). See also Broad. Music, 2014 WL 3887509 at *2.

The statutory damages awarded under the TCPA "represents a liquidated sum for uncertain and hard-to-quantify actual damages." Coniglio, supra, 2014 WL 5366248, at *5 (citing Universal Underwriters Ins. Co. v. Lou Fusz Auto. Network, Inc., 401 F.3d 876, 881 (8th Cir. 2005)). Thus,

although the liquidated statutory damages recoverable under the TCPA are easily "capable of mathematical calculation," such a calculation depends on (1) whether the violations trigger the minimum five-hundred dollar ($500) award under 47 U.S.C. § 227(b)(3)(B), or whether the violations are willful and knowing resulting in the trebled award of fifteen-hundred dollars ($1,500) under 47 U.S.C. § 227(b)(3)(C); and (2) the total number of TCPA violations committed.

As set forth above, Defendant, by virtue of its default, has admitted Plaintiff's allegations that Defendant's TCPA violations were willful and/or knowing (Dkt. 1, ¶ 50). Coniglio, supra, 2014 WL 5366248 at *4; Miller, supra, 75 F. Supp. 2d at 1346. Furthermore, the testimony and evidence provided by Plaintiff in Plaintiff's affidavit (Dkt. 11), conclusively demonstrates that Plaintiff not only expressly revoked any "prior express consent" Defendant WELLS FARGO had or believed it had, but that Defendant was also specifically instructed that Stopa Law Firm had appeared on his behalf with respect to the Subject Debts. Plaintiff would therefore submit that each telephone call placed to Plaintiff during the period from August of 2012 through the filing of the Complaint (Dkt. 1) in this action constituted a willful or knowing TCPA violation, and that this Court should award treble damages of $1,500 for each such violation pursuant to 47 U.S.C. § 227(b)(3)(C).

With respect to the number of violations committed by Defendant WELLS FARGO, Plaintiff states in his affidavit that "[a]fter requesting that WELLS FARGO discontinue calling [him], from August of 2012 through December of 2014, he received an average of approximately four (4) calls per day from WELLS FARGO on his aforementioned cellular telephone number in an effort to collect the Subject Debts" (Dkt. 11, Aff. Eric Ritter, ¶ 15). Plaintiff further testifies that "[a]fter requesting that WELLS FARGO discontinue calling [him], between August of 2012 and December of 2014, [he] received approximately three-thousand four-hundred (3,400) calls

from WELLS FARGO on [his] aforementioned cellular telephone number in an effort to collect the Subject Debts." (Dkt. 11, <u>Aff. Eric Ritter</u>, ¶ 16). Consistent with Plaintiff's testimony, a mathematical calculation based on four (4) calls per day over a twenty eight (28) month period period, equals three-thousand three-hundred sixty (3,360) calls to Plaintiff's cellular telephone.

This Court has previously held that in such situations, a Plaintiff's unrefuted testimony is considered admissible evidence for the purpose of establishing call frequency and volume under the TCPA. <u>Coniglio</u>, supra, 2014 WL 5366248 at *5, n.3. Accordingly, Plaintiff would respectfully request that this Court enter default judgment against Defendant WELLS FARGO with respect to Plaintiff' TCPA claim, and award Plaintiff statutory damages in the amount of $four-million five-hundred thousand dollars ($4,500,000.00), calculated as 3,000 calls multiplied by $1,500.00 per call.

**III.**   **<u>Plaintiff Is Entitled To Default Judgment With Respect To His FCCPA Claim</u>**

The FCCPA provides, among other things, that "[i]n collecting consumer debts, no person shall . . . [c]ommunicate with a debtor if the person knows that the debtor is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address . . ." <u>See</u> <u>Fla.</u> <u>Stat.</u> § 559.72(18). Count II of Plaintiff's Complaint (Dkt. 1) in this matter asserts a claim against Defendant WELLS FARGO for violation of the FCCPA. Plaintiff's FCCPA claim is based, in part, upon Defendant's prohibited conduct pursuant to Fla. Stat. § 559.72(18) for placing calls to Plaintiff's aforementioned cellular telephone numbers in an effort to collect the Subject Debt despite having knowledge that Plaintiff was represented by Stopa Law Firm with respect to the Subject Debt. (<u>See</u> Dkt. 1, ¶ 56).

The aforementioned affidavit of Plaintiff Eric Ritter (Dkt. 11) conclusively establishes that Defendant WELLS FARGO violated the above-cited FCCPA provision. By way of example,

Plaintiff's affidavit states that Plaintiff notified Defendant that he was represented by the Stopa Law Firm with respect to the Subject Debts. (See Dkt. 11, Aff. Eric Ritter, ¶¶ 12-14). Subsequent to and upon being notified by Plaintiff's attorney, Stopa Law Firm, Plaintiff continued to receive calls on the aforementioned cellular telephone number from WELLS FARGO in an effort to collect the Subject Debt. (See Dkt. 11, Aff. Eric Ritter, ¶¶ 15-16).

Pursuant to section 559.77(2), Florida Statutes, "any person who fails to comply with any provision of s. 559.72 is liable for actual damages and for additional statutory damages as the court may allow," in an amount not exceeding one-thousand dollars ($1,000), "together with court costs and reasonable attorney's fees incurred by the plaintiff." As stated above, "where the essential evidence regarding damages is before the Court, [an evidentiary] hearing [as to damages] may be unnecessary." Fleming, supra, 114 A.F.T.R.2d 2014-5377, 2014 WL 3643517 at *9 (citing Smyth, 420 F.3d at 1232 n. 13). Instances in which a hearing may not be necessary include those in which "the amount claimed is a liquidated sum or one capable of mathematical calculation." Id. (quoting Freeman, supra, 605 F.2d at 857. Statutory damages under the FCCPA are considered "liquidated damages." Coniglio, supra, 2014 WL 5366248, at *6 (quoting Harris v. Beneficial Finance Company of Jacksonville, 338 So.2d 196, 200 (Fla. 1976) (the "statute is sustainable as providing for liquidated damages in an area of the law in which ascertainment of the dollar amount of *actual damages sustained* in most instances will be extremely difficult, if not impossible, to achieve").

Accordingly, Plaintiff would respectfully request that this Court enter default judgment against Defendant WELLS FARGO with respect to Plaintiff' FCCPA claim, and award Plaintiff statutory damages in the amount of $1,000, in addition to court costs and reasonable attorneys' fees incurred by the Plaintiff in this action.

**IV.**    **Conclusion**

For the reasons set forth above, Plaintiff respectfully requests that this Court enter a default judgment against Defendant with respect to the TCPA claim in the Complaint (Dkt. 1), and find that all of the calls at issue were "willful and/or knowing" violations of the TCPA.

Plaintiff would further respectfully request that this Court enter default judgment against Defendant with respect to the Plaintiffs FCCPA claim, and find that Defendant violated the FCCPA by communicating with the Plaintiff in connection with the collection of the Subject Debt when Defendant knew Plaintiff were represented by an attorney with respect to the Subject Debt and had knowledge of the attorney's name and address.

Pursuant to the above-cited authority and the evidence referenced herein and attached hereto, Plaintiff respectfully request that this Court enter default judgment against Defendant pursuant to Federal Rule of Civil Procedure 55(b)(2), for the liquidated damages specified above, in addition to attorney's fees and costs pursuant to section 559.77(2), Florida Statutes, post-judgment interest, and for such other relief as this Court deems just and proper.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 22nd day of May, 2015, I electronically filed the foregoing with the Clerk of the Court using CM/ECF system which will send a notice of electronic filings via the Court's ECF system to the following:   None.

Respectfully submitted,

*/s/ David P. Mitchell*
David P. Mitchell, Esquire
Florida Bar No.: 067249
Maney & Gordon, P.A.
101 East Kennedy Blvd., Suite 3170
Tampa, Florida 33602
Telephone: (813) 221-1366
Fax: (813) 223-5920

David@MitchellConsumerLaw.com
v.marrero@maneygordon.com
Counsel for Plaintiff